IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Milliken & Company, | ) | Civil Action No.: 7:14-778-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Richard W. Evans, | ) | **ORDER AND OPINION** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on the Report and Recommendation of Magistrate Judge Jacquelyn D. Austin (ECF No. 59). In accordance with 28 U.S.C. § 636, Local Civil Rule 73.02(B)(1) D.S.C., and an order of reference issued by the undersigned, the plaintiff's motion for preliminary injunction (ECF No. 20) was referred to Magistrate Judge Austin for a Report and Recommendation. On October 10, 2014, Magistrate Judge Austin issued a Report and Recommendation recommending that the court deny the plaintiff's motion for a Preliminary Injunction. (ECF No. 59.) On October 27, 2014, the plaintiff filed objections to the Report and Recommendation (ECF No. 62), and the defendant filed a reply, on November 24, 2014 (ECF No. 71).

## **STANDARD OF REVIEW**

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation (the "Report") to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the

recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

## DISCUSSION

The magistrate judge prepared an extensive and detailed Report recommending that the Court deny the plaintiff's motion for a preliminary injunction. (ECF No. 59.) The magistrate judge concluded that the plaintiff has not made a sufficient showing of possible irreparable injury. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). On objection, the plaintiff disagrees that it has not shown a high likelihood of injury, which cannot be remedied with money damages. The Court says only what is necessary to address such objections against the already meaningful backdrop of a thorough Report of the magistrate judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

The plaintiff complains that the defendant has improperly withheld relevant documents, submitted now on objection, that show he was working for his new company, Totally Enterprises, d/b/a Totally Carpet, before and after his departure from the defendant. The plaintiff objects that these documents, in combination with other evidence previously supplied to the magistrate judge, provide a compelling record of likely irreparable harm that entitles it to a preliminary injunction.

Most notably, the plaintiff emphasizes that the Fourth Circuit Court of Appeals has

-3-

held that "when the failure to grant preliminary relief creates the possibility of permanent loss of customers to a competitor or the loss of goodwill, the irreparable injury prong is satisfied." *Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co.*, 22 F.3d 546, 552 (4th Cir. 1994) (emphasis added) (citing *Merrill Lynch, Pierce, Fenner and Smith v. Bradley*, 756 F.2d 1048, 1055 (4th Cir. 1985)), *abrogated on other grounds by Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 21 (2008).

The plaintiff accuses the magistrate judge of requiring proof of actual loss and not just the possibility of an irreprerable one.  The plaintiff contends that the possibility of permanent loss is a far broader concept, and therefore more easily satisfied, than the "evidence of lost customer relationships" or actual "financial impact . . . on [Milliken's] business" the magistrate judge, allegedly, required.  (Pl. Obj. at 3 (citing R&R).)

In support, the plaintiff has emphasized what it considers new evidence of the threat posed to its customers, by the defendant's conduct.  Upon review, however, that evidence mostly just reflects that the defendant (1) worked for Totally Carpet while still employed by the plaintiff; (2) helped with registration of domain names for Totally Carpet; (3) assisted in matters of Total Carpet business and strategy; (4) trained Total Carpet sales representatives; (5) and contacted former colleagues working for the plaintiff regarding alleged confidential and sensitive business information.  (Pl. Obj. at 13-16.)

Nearly all of this evidence is likely problematic to the defendant on the merits.  It does not, however, reflect very directly on any specific likelihood or threat to particular customers.  The plaintiff has also identified the following, which is somewhat more reflective of customers at risk:

On January 6, 2014, the defendant e-mailed a representative of Gensler—a key customer of the defendant with which the defendant had a long-term relationship from his

time with the plaintiff—requesting that the Gensler representative "put in a good word for us" and assist a Totally Carpet sales representative in obtaining a meeting with Gensler, which he had been unable to obtain on his own. (ECF No. 62, Ex. 1 at C-2475 to C-2477.) There is also evidence that, on April 14, 2014, the defendant provided pricing strategy to a Totally Carpet sales representative for the Gensler National Account—an allegedly critical customer of the plaintiff with which the defendant worked extensively while employed by the defendant. *Id*. at C-3460 to C-3461. The defendant has been generally active, on behalf of Totally Carpet, in calling on customers of the defendant. *Id*. at C-0116 to C-0125, C-2461; (see also ECF No. 20-10 at 7, 14, 15 (the plaintiff admitting to calling on at least 13 Milliken customers).

But, none of this record is materially different than what the magistrate considered and rejected:

> Although Defendant admitted in discovery responses that he has been performing services for Totally Carpet since mid-2013 and has called on Plaintiff's customers on behalf of Totally Carpet [Doc. 23-1 at 6, 13–14], this Court finds that such admissions are insufficient to provide a clear showing of irreparable harm, especially where the evidence establishes that Baird is unaware of any lost sales to Plaintiff [Doc. 52-1 at 127:11–128:7] and Baird testified that he is not aware of any customers who have said they no longer want to do business with Plaintiff because they want to do business with Totally Carpet [id. at 132:17–23].

(ECF No. 59 at 9.)

And, the magistrate judge got it exactly right. The problem with the plaintiff's position on irreparable harm is that, while it is true that the plaintiff does not have to prove that customers have *actually* been taken, something more than the limited contact evidenced, here, seems necessary, too. *Multi-Channel TV Cable Co.* does not give

-4-

-5-

tremendous guidance. But, the possibility has to be one of "*permanent* loss of customers." *Multi-Channel*, 22 F.3d at 552 (emphasis added). While the defendant has admitted to contacting numerous clients, there is no evidence that the contact has meaningfully baited the prospect of any business, permanent or otherwise. There is no evidence that any prospective business was even *interested* much less stolen. As the magistrate judge cited, Robert C. Baird ("Baird"), Vice President of Sales–Global Commercial Carpet testified that he is not aware of any customers who have said they no longer want to do business with the plaintiff because they want to do business with Totally Carpet. (Baird Dep. at 123.) *See TBB Global Logistics, Inc. v. ICAT Logistics, Inc.*, 2013 U.S. Dist. LEXIS 73509 (D. Md. 2013) (denying TRO where movant relied upon conclusory statements, it was not clear what confidential information was allegedly being used or disclosed, and where movant failed to identify any lost clients).

A preliminary injunction does not issue for an individual's wrongful conduct if the wrongful conduct generally appears impotent to pose the injury feared. There is, certainly, evidence the defendant is misbehaving. There is very limited evidence, however, at this point, that the misbehavior is competent to accomplish what is alleged by the plaintiff before the Court can hear the full merits of the case. For these reasons, the Court adopts the recommendation that a preliminary injunction should not lie.

The Court has considered, *de novo*, the entirety of the remainder of the plaintiff's objections, including those with respect to its goodwill, and finds them sufficiently addressed by the magistrate judge and otherwise ineffective to change the outcome recommended.

## CONCLUSION

After a careful review of the plaintiff's objections, the record, and applicable law, the Court adopts the Report and Recommendation and incorporates herein by specific reference. The plaintiff's motion for a preliminary injunction (ECF No. 20) is DENIED.

IT IS SO ORDERED.

s/Bruce Howe Hendricks
United States District Judge

March 20, 2015
Greenville, South Carolina